|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------- X<br>    JONATHAN PEREZ,<br><br>                                     Petitioner,<br><br>                             -against-<br><br>    UNITED STATES OF AMERICA,<br><br>                                  Respondent.<br>------------------------------------------------------------- X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 6/9/20<br><br><br>1:16-cr-656-GHW-2<br><br>1:19-cv-9129-GHW<br><br><u>ORDER DENYING REQUEST FOR<br>PRO BONO COUNSEL</u> |

GREGORY H. WOODS, United States District Judge:

Petitioner has filed an Application for the Court to Request Counsel, which the Court construes as a motion for appointment of counsel pursuant to 18 U.S.C. § 3006A. For the following reasons, Petitioner's application is denied.

**LEGAL STANDARD**

Unlike in criminal cases, there is no constitutional right to counsel in *habeas corpus* proceedings. The Criminal Justice Act ("CJA") provides:

> Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.

18 U.S.C. § 3006A(a)(2)(B). "It is well settled that there is no constitutional right to counsel in a *habeas corpus* proceeding such as this one; rather, the appointment of counsel in such a proceeding is a matter of discretion. Accordingly, [P]etitioner's application should be analyzed in the same manner as any other application for pro bono counsel in a civil case." *In re Pizzuti*, No. 10 CIV 199 (RJH) (HBP), 2010 WL 4968244, at *1 (S.D.N.Y. Dec. 7, 2010).

In *Hodge v. Police Officers*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d 58, 61–62 (2d Cir. 1986). Of

course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

In the underlying criminal action, Petitioner was represented by Court-appointed CJA counsel due to his indigent status. *See* Case No. 1:16-cr-656-GHW-2, Dkt. No. 9. The Court has no reason to believe that Petitioner's financial status has changed while incarcerated. Therefore, the Court concludes that Petitioner is indigent.

In the petition, Petitioner asserts a claim under 28 U.S.C. § 2255, alleging that his sentence should vacated, set aside, or corrected on the basis that his guilty plea and waiver of his right to appeal were not knowingly and voluntarily made, that Petitioner received ineffective assistance of trial and appellate counsel, and that the Supreme Court's decision in *U.S. v. Davis*, 139 S.Ct. 2319 (2019), renders one of his convictions unconstitutional. The Court cannot determine at this point in the litigation whether Petitioner's claim is "likely to be of substance." *Hodge*, 802 F.2d 61–62.

Petitioner has not yet filed his reply.  Because the Court cannot at this time determine whether Petitioner is indigent or the likely merit of Petitioner's claims, the Court is also unable to conclude that the other *Hodge* factors weigh in favor of granting Petitioner's request for pro bono counsel.  *See id*.  If a hearing is ultimately required in this matter, the Court must appoint counsel.  *Id*. ("In *habeas corpus* cases, counsel must be appointed for qualified indigents when a hearing is required.").  If necessary, the Court will take up that issue at the appropriate juncture.

## CONCLUSION

For the foregoing reasons, Petitioner's Application for the Court to Request Counsel is denied.  Denial of Petitioner's request is without prejudice to Petitioner's renewed application later in the case.[1]  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Petitioner by first class and certified mail.

SO ORDERED.

Dated:  June 9, 2020

_____
GREGORY H. WOODS
United States District Judge

---

[1] Should Petitioner wish to seek pro bono counsel at a later phase of this litigation, Petitioner is encouraged to use the Application for the Court to Request Counsel Pursuant to 18 U.S.C. § 3006A(g) form, available at https://nysd.uscourts.gov/sites/default/files/2018-06/Application%20ftct%20Request%20Counsel_0.pdf.