AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/1/2024

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JONATHAN PEREZ

Case No. 1:16-cr-656

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court has considered Jonathan Perez's application for compassionate release and its supporting materials. Dkt. No. 1053 (the "Motion"). In doing so, the has Court interpreted them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). However, the Court does not need to evaluate whether the circumstances described Mr. Perez's application constitute "extraordinary and compelling" reasons for his release. That is because the Court does not believe that releasing Mr. Perez early is justified after reviewing the factors under 18 U.S.C. § 3553(a). See United States v. Keitt, 21 F.4th 67, 73 (2d Cir. 2021) ("When a district court denies a defendant's motion under 18 U.S.C. § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine

3

whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.").

This is not Mr. Perez's first application for early compassionate release: it is his second. See Dkt. No. 843. In the Court's December 27, 2020 opinion denying Mr. Perez's prior request, the Court explained at length why it believed that the 3553(a) factors did not weigh in favor of a modification of the defendant's sentence. Nothing in Mr. Perez's Motion leads the Court to a different conclusion at this point. In the Court's December 2020 decision, the Court explained at length its rationale for the conclusion that the 3553(a) factors did not permit the requested modification of Mr. Perez's sentence as follows: "While the factor related to the need for Mr. Perez's to receive medical care arguably weighs somewhat more heavily in favor of a lesser sentence now, the nature of his crimes was very serious: he was a leader of a drug trafficking organization that used guns in support of its operations. The Court's assessment of all of the other § 3553(a) sentencing factors, all continue to weigh heavily against a modification of his sentence now. The Court commented on all of those factors at length in sentencing Mr. Perez, and will not retread them all here. The Court highlighted in particular its concerns regarding the need for personal deterrence for Mr. Perez: [']With respect to personal deterrence, I am extremely concerned about the possibility that Mr. Perez will be tempted to recidivate. Mr. Perez was the leader of this conspiracy. He is described as smart, ambitious, persuasive. He used those abilities over the course of many years to advance himself within this drug organization for his financial benefit. He continued to engage in the activity after witnessing firsthand the trauma that the violence that supported the organization had. He himself was shot, but he continued to distribute and sell drugs in bulk. His ambition, his intelligence, together with his lack of education and legitimate job history, make me extremely concerned that the defendant will again choose to use

his skills to engage in the kind of criminal activity that brought us here.['] Tr. at 30:11-24. The Court also commented on the need for general deterrence as having significant weight in its sentencing decision: 'As counsel has described during our arguments here and as established in the facts in the PSR, Mr. Perez was not simply a retail level drug dealer. He was a leader of this conspiracy, responsible for the distribution of several types of drugs in large quantity, with respect to the crack at least, and his machinations caused real harm for his community.' Id. at 31:13-20." Dkt. No. 843 at 5-6.

While the Court appreciates Mr. Perez's self-assessment that he has been rehabilitated in prison, and any efforts that Mr. Perez has taken to that end, the factors that weigh in Mr. Perez's favor are overshadowed by the combined force of "the nature and circumstances of the offense" and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant."

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 1053 and to mail a copy of this order to Mr. Perez.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

December 1, 2024

_____
GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE